**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SCOTT DOLEMBA, )
on behalf of himself and a class, )
                                      )
                  Plaintiff, )
                                      )
             vs. )
                                      )
JUSTMUGSHOTS.COM CORP.; )
ARTHUR D'ANTONIO III; )
and JOHN DOES 1-10; )
                                      )
                 Defendants. )

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff seeks redress for the conduct of defendants in publishing on various websites the names and photographs (commonly called "mugshots") of individuals who have had some involvement with the state's criminal judicial process, along with information purporting to be a statement of the allegations or charges brought against the individual.

2. Defendants, acting individually and in concert, then offer to remove this information from the website in exchange for a "removal" or "takedown" fee.

3. Through this activity, defendants have been able to extract money from plaintiff and others.

4. In this action, plaintiff contends that defendants violated RICO and the Illinois Consumer Fraud Act.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction under 28 U.S.C. §§1331, 1332(d), 1337, and 1367, and 18 U.S.C. §1964.

6. Venue in this District is proper because defendants engaged in tortious conduct directed towards residents of Illinois and this District, including plaintiff, and pursuant to the nationwide service of process provisions of RICO.

7. Plaintiff is a citizen of Illinois. The defendants are citizens of California and Minnesota.

8. The amount in controversy, on a classwide basis, exceeds $5 million.

## PARTIES

9. Plaintiff is a resident and citizen of Cook County, Illinois.

10. Defendant Justmugshots.com Corp. is a California corporation with offices at 340 South Lemon Avenue #5701, Walnut, CA 91789. Its registered agent and office is Virtual Post Solutions, Inc., 340 S. Lemon Ave., Walnut CA 91789.

11. Defendant Arthur D'Antonio III is the president and chief executive officer of Justmugshots.com Corp. He may be found at 3400 Avenue of the Arts, #B110, Costa Mesa, CA 92626 or 929 Portland Avenue S., Unit 1802, Minneapolis, MN 55404, or 509 1st Ave. NE, Suite 1, Minneapolis, MN 55413.

12. Justmugshots.com Corp. operates the website www.justmugshots.com.

13. Justmugshots.com Corp. also operates the website www.mugshots.mobi.

14. Justmugshots.com Corp lists and posts on the website information about residents of Illinois for the specific purpose of obtaining money from those Illinois residents.

15. Justmugshots.com Corp maintains on its website individual arrest records, along with the accompanying police photograph (the "mugshots") from various locations and jurisdictions across the country, including Illinois.

16. Defendants obtain the photos and information from law enforcement agencies in Illinois.

17. Defendants solicit customers in Illinois. On information and belief, defendants have many paying customers who reside in Illinois and use defendants' services in Illinois.

18. John Does 1 through 10 are individuals who have participated in managing, organizing, marketing, facilitating, and profiting from the operations of the websites owned and controlled by the other defendants.

## **FACTS**

19.     Plaintiff had a booking photo taken in Cook County, Illinois.

20.     The photo was published on Justmugshots.com.

21.     Defendants' websites, along with plaintiff's images, were indexed by Google.com, and the images appear when a web search for plaintiff's name is conducted.

22.     Such images are viewed using interstate wire communications.

23.     The display by defendants of images is intended, among other things, to subject the subject to hatred, contempt, or ridicule, or to damage the subject's personal or business repute, or to impair the subject's credit.

24.     Defendants make available to persons listed on their websites the "service" of removing the person's image for a "removal fee."

25.     On September 17, 2013, plaintiff paid $144.97 on the Justmugshots.com website to secure the removal of his photo. Plaintiff paid by transmitting credit card information to defendants via interstate wire transmission.

26.     Defendants sent plaintiff, also via interstate wire transmission, a purchase confirmation.

27.     Plaintiff had no interest in doing business with defendants, but was compelled to do so because he feared being subjected to hatred, contempt, and ridicule as a result of defendants' conduct.

28.     Each of the thousands of "mugshot removal" transactions in which defendants engage similarly involves the transmission of credit card information and the transmission of a receipt, both via interstate wire transmission.

29.     The Illinois Criminal Code, 720 ILCS 5/12-6, makes it unlawful to communicate a threat to accuse a person of an offense or to expose any person to hatred, contempt or ridicule with intent to cause any person to perform any act, such as the payment of money.

30.     Section 5/12-6, "Intimidation," prohibits what is commonly referred to as

extortion, and provides:

> **(a) A person commits intimidation when, with intent to cause another to perform or to omit the performance of any act, he or she communicates to another, directly or indirectly by any means, a threat to perform without lawful authority any of the following acts:**
>
>> **(1) Inflict physical harm on the person threatened or any other person or on property; or**
>>
>> **(2) Subject any person to physical confinement or restraint; or**
>>
>> **(3) Commit a felony or Class A misdemeanor; or**
>>
>> **(4) Accuse any person of an offense; or**
>>
>> **(5) Expose any person to hatred, contempt or ridicule; or**
>>
>> **(6) Take action as a public official against anyone or anything, or withhold official action, or cause such action or withholding; or**
>>
>> **(7) Bring about or continue a strike, boycott or other collective action.**
>
> **(b) Sentence.**
>
> **Intimidation is a Class 3 felony for which an offender may be sentenced to a term of imprisonment of not less than 2 years and not more than 10 years.**

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class and subclass.

32. The class includes all residents of Illinois whose booking photograph has been posted on any of defendants' websites, including Justmugshots.com.

33. The subclass consists of class members who have, on or after a date four years prior to the filing of this action, paid money to one or more of the defendants for the purpose of securing the removal of a booking photograph.

34. The class and subclass are each so numerous that joinder of all members is impracticable. Plaintiff alleges on information and belief that there are more than 1,000 class members.

35. There are questions of law and fact, common to the class, which questions predominate over any questions affected only individual class members. The predominant

common questions include:

    a.    Whether defendants' conduct constitutes a violation of 720 ILCS 5/12-6;

    b.    Whether a violation of 720 ILCS 5/12-6 is the offense of "extortion" as used in RICO;

    c.    Whether certain defendants conduct the affairs of one or more enterprises affecting interstate commerce through a pattern of such violations;

    d.    Whether defendants' conduct is an unfair practice.

36. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in class actions challenging unlawful business practices. Plaintiff's claim is typical of the claims of the other members of the class. Plaintiff's claims arise from the same practice and course of conduct that give rise to the claims of the other class members, and the claims are based on the same legal theories.

37. A class action is an appropriate means for the resolution of this matter. Individual actions are not economical. Requiring class members to pursue their claims individually would require multiple individual actions, all substantially identical.

## COUNT I – RICO

38. Plaintiff incorporates paragraphs 1-37.

39. This claim is on behalf of the subclass.

40. This claim is against Arthur D'Antonio III .

41. Arthur D'Antonio III is a "person" as defined in RICO.

42. Justmugshots.com Corp is an "enterprise" as defined in RICO. Its business is conducted in interstate commerce.

43. Arthur D'Antonio III conducted the affairs of Justmugshots.com Corp through a pattern of violations of 720 ILCS 5/12-6, which violations constitute "extortion" as defined in RICO, when he published embarrassing information about arrests on the Internet and then obtained "fees" for its removal.

44. 18 U.S.C. §1961(1) defines "racketeering activity" as "(A) any act or threat involving . . . extortion . . . which is chargeable under State law and punishable by imprisonment for more than one year . . . ."

45. Defendant committed thousands of such violations extending over years and continuing.

46. Arthur D'Antonio III violated 18 U.S.C. §1962(c), which provides:

**It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.**

47. Plaintiff was injured by defendant's acts and practices. Among other things, he was forced to pay a "removal fee."

WHEREFORE, the Court should enter judgment in favor of plaintiff and the subclass and against defendant Arthur D'Antonio III for:

    a. Treble damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

48. Plaintiff incorporates paragraphs 1-37.

49. This claim is on behalf of the class.

50. This claim is against both defendants.

51. Defendants engaged in unfair acts and practices, in violation of the public policy of Illinois, as set forth in 720 ILCS 5/12-6 and otherwise, when they published embarrassing information about arrests on the Internet and then offered to remove it for a fee.

52. Defendants engaged in such conduct in the course of trade and commerce in Illinois.

53. Defendants engaged in such conduct for the purpose of obtaining money from Illinois residents, and inflicting harm on them in order to coerce them to pay money.

54. Plaintiff was injured by defendant's acts and practices.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

 a. Appropriate compensatory and punitive damages;

 b. An injunction against further violations;

 c. Attorney's fees, litigation expenses and costs of suit; and

 d. Such other or further relief as the Court deems proper.

       <u>s/Daniel A. Edelman</u>
       Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Catherine A. Ceko
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106 (Cook)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                  s/ Daniel A. Edelman
                                                 Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\28936\Pleading\Complaint_Pleading.WPD